UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Hon. Robert B. Kugler |
| Plaintiff(s), : | |
| : | |
| v. : | Criminal No. 05-310 (RBK) |
| : | |
| ANTHONY LIONETTI, : | |
| : | |
| Defendant(s). : | |

**O P I N I O N**

Defendant Anthony Lionetti, is serving a 41 month sentence for income tax evasion and brings this timely Motion pursuant to F.R.Crim.P. 33, for a new trial. Unsupported by any affidavit, defendant claims to have uncovered after his trial, evidence he believes shows he was unaware the Internal Revenue Service notified him in writing of the deficiencies and their investigation.

Specifically, according to counsel, while cleaning out old files at defendant's former medical office with a "friend" (unidentified), Lionetti found two "unopened" pieces of certified mail from the IRS Mays Landing, NJ, office which contained copies of third party summons issued by IRS seeking information for tax years 1997 through 2001.

Lionetti allegedly found these letters in what is termed the "files" of co-defendant Donald DuBeck which were marked "banking records." Defendant believes this supports his contention that DuBeck embezzled from the medical practice and to cover up the thefts, failed to transmit the payroll tax or file tax returns for Lionetti. Defendant also contended the DuBeck had the sole responsibility for the business administration and finances of the medical practice as well as seeing that Lionetti's tax returns were prepared and filed.

Claiming he never signed for these letters, but somebody (allegedly DuBeck) must have, Lionetti seeks an evidentiary hearing and, after that, a new trial. He also demands the government produce the return receipt cards for these 2 certified letters, obviously confident they will contain DuBeck's signature.

The government responded to the Motion by doing just that - providing copies of the return receipt cards. Unfortunately for Lionetti, the signatory on the return receipts was apparently his wife. Accordingly, there is nothing even remotely exculpatory about this "evidence."

Defendant has the burden of establishing that, among other factors, that the "newly discovered evidence" will probably produce an acquittal U.S. v. Agurs, 427 U.S. 97, 111 (1976); U.S. v. Barbosa, 271 F.3d 438, 467-68 (3d. Cir. 2001), cert. denied 537 U.S. 1049 (2002). This defendant cannot demonstrate with this "evidence." Assuming any of the "facts" asserted by defense counsel are accurate[1], how and why the two letters ended up in "DuBeck's files" will remain a mystery. The court sees no reason to answer these questions, as the answers are completely irrelevant to the issue of defendant's guilt.

Therefore a hearing is unnecessary. The request for a new trial is **denied**.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

[1] The court is not attacking the integrity of counsel. He obviously relied on a conversation with his client. Otherwise the court would have expected affidavits, which is customary in these motions. See e.g. U.S. v. Dogskin, 265 F.3d 682 (8th Cir. 2001).